# THE NATIONAL CAPITAL BANK OF WASHINGTON

*v.*

# BRYAN.

---

PROMISSORY NOTES, ALTERATIONS OF; EVIDENCE.

Ofenstein v. Bryan, *ante,* p. 1, *applied and followed.*

No. 1141. Submitted January 23, 1902. Decided April 3, 1902.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, upon the

verdict of a jury directed for all of several defendants in an action on a promissory note.                    *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. O. B. Hallam* for the appellant.

*Mr. A. S. Worthington* for appellee Zenas C. Robbins.

*Messrs. F. P. B. Sands* and *Brandenburg & Brandenburg* for the appellee Charles C. Bryan.

*Mr. Walter C. Clephane* for the appellee Henry O. Towles.

Mr. Justice SHEPARD delivered the opinion of the Court:

This case, like that numbered 1140 [*ante,* p. 1], the judgment in which has been this day reversed, is a suit upon a note executed by Gilbert B. Towles and Charles C. Bryan to the order of Zenas C. Robbins, and indorsed by him and Henry O. Towles. It bears date July 10, 1899, and is for $900, payable in thirty days. The appellant is the holder for value. After proving the genuineness of the several signatures, the plaintiff offered the testimony of its vice-president and cashier, both of whom testified positively that the note, when discounted by them for the bank, was free from discoloration or appearance of alteration, erasure, etc. Samuel H. Walker, who presented the note to the bank for Gilbert B. Towles, for the purpose of taking up a previous note held by the bank under date of June 10, 1899, for $950, testified "that it was perfectly clean and new when witness received it and in the same condition when he protested it; there was no discoloration whatever on it; that the evening of the day he protested it he saw Henry O. Towles and showed him the note, and he said it was all right, and that he was getting up

a loan on his property and would take it up;" that on a second demand he asked him to be patient. Another witness testified that in the summer of 1899, he, having an interest as a broker in three notes executed by the same parties, called Bryan's attention to them as he was about leaving town, and Bryan said it made no difference as he had provided for them by leaving blanks with Gilbert Towles for the purpose of curtailing and making new notes. A witness also testified that Robbins had indorsed blank notes and left them with Gilbert Towles for the same purpose.

The note, it appears, had been in the hands of the district attorney for use on the trial of Gilbert B. Towles for forgery and had been experimented upon, by experts, with acids. Walker also testified that he never discovered any disfiguration or discoloration in the note until the district attorney called his attention to it a few days before Gilbert B. Towles' trial.

One of the attorneys who defended Gilbert B. Towles on that trial, was called by the plaintiff and testified to the use of chemicals upon the note in his presence by Carvalho, an expert witness. On cross-examination he said that the note was discolored long before the trial and he could not say that it was then different from what it now is: "that the brown appearance or discoloration appeared under the date, under the amount, both in writing and numbers, and also under the place where the note is made payable." The justice who presided on the trial of Gilbert B. Towles was also called by the plaintiff and testified to the chemical treatment of the note at that time. On cross-examination, he testified that the note looked, before the test, the same practically as now. He then stated in detail the indications of alterations in the note developed temporarily by the application of the chemicals.

There was no proof offered showing if anything had been done with the note in the way of experimentation between the date of its receipt and the dates when the last witnesses first saw it.

The plaintiff then offered the notes, but the court excluded them on objection of the defendants and on their motion directed the jury to find a verdict for each and all of them. No evidence was introduced on behalf of the defendants.

For reasons stated at length in the opinion in No. 1140, which to that extent is adopted here, the case should have been submitted to the jury — that of all the defendants, generally, and that of Henry O. Towles, specially, also, as was done in No. 1140.

The judgment will be reversed with costs, and the cause remanded for a new trial. It is so ordered. *Reversed.*